FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 25 2026

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| LISA BUCKNER, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. 4:26-cv-876-KGB |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| ACCUQUOTE, INC. | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Lisa Buckner (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

This case assigned to District Judge Baker
and to Magistrate Judge Moore

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. This case involves a campaign by Accuquote, Inc. ("Defendant") to market its services through the use of pre-recorded telemarketing calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of Defendant's illegal calls, which include Plaintiff and the proposed Class, are entitled to damages under the TCPA, and because the technology used by Defendant makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff is an individual located in this District.

5. Defendant is a corporation.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331.

7. This Court has specific personal jurisdiction over Defendant because it made telemarketing calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the events giving rise to this claim occurred in this District because Defendant directed the calls at issue to Plaintiff into this District.

## TCPA BACKGROUND

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

## FACTUAL ALLEGATIONS

12. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. Defendant is an insurance brokerage company that makes telemarketing calls to sell its goods and services.

14. Plaintiff's cellular telephone number is 501-XXX-XXXX.

15. Plaintiff uses, and at all times has used, cellular telephone number 501-XXX-XXXX as her personal residential telephone number.

16. Defendant repeatedly placed telemarketing calls to Plaintiff's cellular telephone number from the Defendant using the number 1-800-276-0242.

17. Plaintiff's call records reflect calls from at least April 28, 2026, April 29, 2026, May 9, 2026, May 22, 2026, May 26, 2026, June 2, 2026, and June 11, 2026.

18. On April 28, 2026, Plaintiff received a pre-recorded call from 1-800-276-0242.

19. In the voicemail, the caller identified himself as Pat Cassidy calling from AccuQuote regarding life insurance quotes on AccuQuote's website.

20. On April 29, 2026, Plaintiff received the same pre-recorded voicemail. The voicemail contained substantially the same solicitation, again identifying the caller as Pat Cassidy from AccuQuote concerning life insurance.

21. The calls and voicemails were made for a telemarketing purpose: to solicit Plaintiff concerning AccuQuote's life insurance products and services.

22. The calls were clearly and obviously made using a prerecorded or artificial voice

because the voicemail messages were substantially identical in content, voice, tone, manner of speech, inflection, pausing, and cadence.

23. Plaintiff never provided prior express written consent for Defendant to place prerecorded telemarketing calls to her cellular telephone number and did not authorize Defendant to contact her in this manner.

24. The calls were meant for someone other than, and unknown to, Plaintiff.

25. Plaintiff never provided prior express written consent for the prerecorded calls and had no reason to be contacted by Defendant in this manner.

26. The aforementioned calls to Plaintiff were unwanted.

27. The calls were nonconsensual encounters.

28. Plaintiff's privacy has been violated by the above-described calls.

29. Plaintiff never provided her consent or requested the calls.

30. Plaintiff and the other call recipients were harmed by the calls. They were temporarily deprived of legitimate use of her phone because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

31. Moreover, the calls injured Plaintiff because they were was frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **<u>Pre-Recorded Call Class</u>**: All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

34. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

36. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

37. This Class Action Complaint seeks injunctive relief and money damages.

38. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

39. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

40. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

41. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

43. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded telemarketing calls;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(3)**
**(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

47. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48. The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

49. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future;

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this August 25, 2026.

Zach Ryburn, ARBIN2015061
Ryburn Law Firm, PLLC
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 330-8631
Email: zach@ryburnlawfirm.com

Anthony I. Paronich, *Subject to Pro Hac Vice*
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff*